# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD O. OVERMILLER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 12-cv-1634 |
| ) | |
| vs. ) | United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| BRIAN COLEMAN (THE WARDEN), ) | |
| DR. MARK D. MAYLE, Regional Eye ) | |
| Assoc., Inc., and PENNSYLVANIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are the following:

1. Motion for Summary Judgment filed by Defendants Pennsylvania Department of Corrections and Warden Brian Coleman (the "Commonwealth Defendants") [ECF No. 63], with brief in support [ECF No. 64], and response in opposition filed by Plaintiff, Donald O. Overmiller [ECF No. 73]; and

2. Motion for Summary Judgment filed by Defendant Mark D. Mayle, M.D. [ECF No. 67] with brief in support [ECF No. 69] and response in opposition filed by Plaintiff, Donald O. Overmiller [ECF No. 73].

The issues have been fully briefed and the factual record is fully developed. The matter is ripe for disposition. For the following reasons, the Court finds that because Plaintiff has failed to exhaust his administrative remedies, the Motion for Summary Judgment filed by the Commonwealth Defendants will be granted. Additionally, the Court finds that there is not sufficient evidence of record upon which a reasonable jury could return a verdict for Plaintiff on

1

his deliberate indifference claim and, therefore, the Motion for Summary Judgment filed by Defendant, Mark D. Mayle, M.D., will also be granted.[1]

## FACTUAL BACKGROUND

Plaintiff, Donald O. Overmiller, is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") presently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette").[2] Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his Eighth Amendment rights by being deliberately indifferent to his medical needs. Plaintiff alleges that from a period beginning in October 2011 to the present, Defendants have failed to treat him for his eye conditions and that Defendants have prevented him from undergoing necessary cataract surgery.

The summary judgment record reflects that Plaintiff has received eye care during his entire period of incarceration at SCI-Fayette on a nearly monthly basis, that he has received continued care for his eyes from October 2011 to the present, and that he continues treatment under the care of a physician, as well as treatment by Defendant Mark D. Mayle, M.D., a board certified ophthalmologist. Commonwealth Defs' Concise Statement of Material Facts [ECF No. 65] at ¶¶ 3-4. The summary judgment record contains an Affidavit by Dr. Mayle in which he avers as follows:

> I have diagnosed Overmiller to be a glaucoma suspect having mixed cataracts and photosensitivity and vision correctable to 20-20. Overmiller's photosensitivity has been controlled with tinted glasses. In my professional opinion, to a reasonable degree of medical certainty, Overmiller is not an appropriate candidate for cataract surgery, or eye-surgery of any other kind, at this time. The foregoing opinion is based on the facts that Overmiller's

---

[1] All parties have consented to the jurisdiction before a United States Magistrate Judge; therefore, the Court has the authority to decide dispositive motions and to enter final judgment. *See* 28 U.S.C. § 636 *et seq.*; Consent to Trial/Jurisdiction by United States Magistrate Judge [ECF Nos. 6, 14, and 42].

[2] Plaintiff has been housed at SCI-Fayette during the entire period of time relevant to this lawsuit.

2

> vision is correctable to 20-20 with glasses, his photosensitivity has been controlled with tinted glasses and I have not found him to have any other condition that would indicate a need for cataract surgery. The foregoing opinion is in accord with the Medicare Local Coverage Determinations relating to cataract surgery. These Local Coverage Determinations . . . are generally followed by myself and most other ophthalmologists in the treatment of patients, whether or not they are incarcerated.

See Mayle's Concise Statement of Material Facts [ECF No. 68] at ¶ 11;[3] [ECF No. 20-7]. Dr. Mayle, through his affidavit, also states that Plaintiff has evidence of Pigment Dispersion Syndrome, which places Plaintiff at risk for glaucoma, but that Plaintiff has never been diagnosed or treated for glaucoma, all tests have been negative for glaucoma, and an ophthalmologist should continue to monitor Plaintiff's situation. Affidavit of Mark D. Mayle, M.D. [ECF No. 20-7] at ¶¶ 3-4. In his answers to Plaintiff's interrogatories, Dr. Mayle explained that:

> There is no procedure that would reliably cure the photosensitivity complained of by plaintiff. Plaintiff was advised that, if his cataracts advanced to the stage that they met the objective criteria for cataract surgery, that surgery could, but not necessarily would, help with the glare that he complained of. Plaintiff's cataracts have never reached the objective criteria for surgery. The criteria for cataract surgery are vision which is diminished to the level of 20/40 or worse, along with subjectively decreased ability to function adequately for activities of daily living. It is not at all certain that such surgery would eliminate, or even lessen, photophobia. [I have] been unable to find any objectively identifiable cause for the photo sensitivity complained of by plaintiff. Cataracts sometimes cause glare and photo sensitivity and associated pain, but usually not at the mild stages of plaintiff's cataracts. Cataract surgery for plaintiff would not be covered by Medicare because he does not meet the criteria described[.] . . . [I have] not found plaintiff to have any physical condition that he believes to be responsible for the complaints described[.] . . . [I am] confident that those complaints are not due to glaucoma or nearsightedness. In light of the very early stage of development of

---

[3] Unless specifically stated, the recounted factual allegations are undisputed.

> plaintiff's cataracts, it is also doubted that they are responsible for [plaintiff's] subjective complaints[.]"

Mayle's Concise Statement of Material Facts [ECF No. 68] at ¶ 22.

Although Plaintiff frequently requested surgery for his eyes, he was advised by Dr. Mayle that he was not an appropriate candidate for cataract surgery, or eye surgery of any other kind, at this time. *See* Commonwealth Defs' Concise Statement of Material Facts [ECF No. 65] at ¶ 11. Dr. Mayle prescribed for Plaintiff photo-sensitive eye glasses and two types of eye drops. *See* Mayle's Concise Statement of Material Facts [ECF No. 68] at ¶ 4.

On March 3, 2013, Plaintiff filed his amended pro se complaint alleging the following:

> Dr. Mayle diagnosed me with cataracts, myopia, and P.D.S. and is refusing my cataract surgery. **I disagree with his decision to not perform said surgery**. He knew my medical needs and failed to respond to it. The Warden, Brian Coleman, rejected grievance to corrective cataract surgery and denied me my needs. The Penna.D.O.C. (sic) did reject all grievances of me seeking cataract surgery. They disregarded my medical needs as well. I also disagree with Penn.D.O.C.'s actions.

Am. Compl. [ECF No. 26] at 2-3 (emphasis added). Defendants filed motions for summary judgment bringing two discrete arguments: (i) the Commonwealth Defendants argue that Plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PRLA"), 42 U.S.C. § 1997e(a); and (ii) both the Commonwealth Defendants and Defendant Mayle argue that they are entitled to summary judgment as Plaintiff has failed to show any evidence that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the initial burden of

proving the absence of evidence supporting the non-moving party's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *UPMC Health Sys. v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). The burden of proof then shifts to the non-movant, in this case, plaintiff, to come forward with specific facts showing that a genuine issue of material fact for trial exists. Fed. R. Civ. P. 56(e). The non-movant must go beyond the pleadings and show specific facts to meet his burden of proving the elements essential to his claim. *See Celotex*, 477 U.S. at 322. Therefore, the non-movant "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) (citations omitted).

The Court is not to weigh the evidence or make credibility determinations on a party's motion for summary judgment, but only to determine whether there are disputed facts, and whether those disputed facts are both genuine and material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In doing so, the court must consider all of the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

DISCUSSION

A. <u>Failure to Exhaust Administrative Remedies</u>

Pursuant to the PRLA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims involving prisoner life, including general allegations or specific episodes of alleged mistreatment. *See Porter v. Nussle*, 534 U.S. 516 (2002). Moreover, the exhaustion requirement is not a technicality, but rather a federal law which

5

Congress intended federal district courts to follow. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (the language "no action shall be brought" is an indication that Congress "clearly required exhaustion"). "Prisoners must . . . exhaust all 'available' remedies, not just those that meet federal standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). An inmate must complete the administrative review process set forth in the grievance system implemented by the prison. *Id*. This includes following agency deadlines and other critical procedural rules. *Id*. An inmate has not exhausted his administrative remedies if he files "an untimely or otherwise procedurally defective . . . appeal." *Id*. at 83.

The Pennsylvania DOC maintains a three-part grievance system for inmate complaints and appeals. *See* DC-ADM 804. First, the inmate must submit a grievance to the inmate counselor within fifteen (15) business days of the events giving rise to the grievance. *Id*. In this grievance, the inmate is required to legibly set forth all facts and identify all persons relevant to his claim. This grievance is then subject to "initial review." *Spruill v. Gillis*, 372 F.3d 218, 232, 233 (3d Cir. 2004). After the grievance has been submitted, within fifteen (15) working days, the grievance coordinator gives his decision to the inmate. Next, if the inmate is dissatisfied with the outcome, he may appeal to the Facility Manager/Superintendent within fifteen (15) business days of the grievance coordinator's decision for a secondary level of review, who must then provide a decision within another fifteen (15) working days. Lastly, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen (15) working days of the Facility/Manager Superintendent's decision, and the Secretary's Office has thirty (30) days to issue a final decision. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an

issue. *See Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

The failure to timely comply with the above requirements will not be excused by an inmate's "substantial compliance" with the exhaustion requirements. *See Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005). Moreover, an inmate's ignorance or confusion regarding the Pennsylvania DOC policies does not excuse failing to adhere to these requirements. *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2003); *Casey v. Smith*, 71 F. App'x 916 (3d Cir. 2003). An inmate's failure to exhaust administrative remedies will only be excused if a prison official's actions in some way contributed to the inmate's failure to exhaust the administrative requirements. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

Plaintiff filed the following five (5) grievances, which are relevant to this lawsuit:

(1) Grievance No. 37822 on August 25, 2011 requesting to see a specialist. This grievance was rejected on August 29, 2011 because it was not submitted within fifteen days after the events upon which the claims were based;

(2) Grievance No. 406664 on March 29, 2012 claiming that his eyes were bothering him and seeking treatment of his glaucoma. This grievance was rejected on April 2, 2012 because it was not submitted within fifteen days after the events upon which the claims were based;

(3) Grievance No. 416919 on June 24, 2012 claiming that he was not being treated for his diagnosed pigment dispersion disorder. This grievance was denied on July 3, 2012 as he was seen by ophthalmologist Dr. Mark Mayle, proper glasses were being provided to him, and there were no arguable facts at issue;

(4) Grievance No. 423761 on July 13, 2012 claiming that while under the care of a physician, he continued to experience pain and requested surgery for his condition. This

grievance was rejected on August 14, 2012 because it was not submitted within fifteen days after the events upon which the claims were based and the matters raised in the grievance were previously addressed in Grievance No. 416919; and

(5) Grievance No. 446495 on February 2, 2013 requesting a referral to Dr. Mayle and laser surgery. This grievance was rejected because it was not submitted within fifteen days upon which the claims were based. *See* Commonwealth Defs.' Concise Statement of Material Facts [ECF No. 65] at ¶¶ 10-23.

The Commonwealth Defendants maintain that Plaintiff has not properly exhausted his administrative remedies through Steps 2 and 3 of the grievance process and, thus, has procedurally defaulted on his claims. Plaintiff responds as follows:

> I deny that #416919 violates the PLRA by submitting it 3x's to F.G.C. Supervisor, Warden, then Camp Hill. The Camp Hill Grievance is not present in exhibits. I did resubmit #416919, and #423761 is the last of the grievances you showed. I did rewrite and returned it to Camp Hill and it is not present up the chain of command.

Resp. to Concise Statement of Material Facts [ECF No. 72] at ¶¶ 17-23.

After a review of the record and the grievances at issue, the Court finds that (i) Plaintiff failed to timely file Grievance Nos. 378222, 406664, 423761, and 446495; (ii) Plaintiff did not exhaust all three levels of review for any of the five (5) grievances; and (iii) Plaintiff has provided no valid exception for not doing. Therefore, Plaintiff has failed to exhaust his administrative remedies, resulting in a procedural bar to his claims. The motion for summary judgment filed by the Commonwealth Defendants will be granted.

B.  Eighth Amendment Claims – Delay/Denial of Adequate Medical Treatment

Defendant Mayle, and the Commonwealth Defendants in the alternative, move for summary judgment, on the basis that Plaintiff has failed to establish a genuine issue of material fact for a finding of deliberate indifference to his medical needs.

To prevail in a section 1983 action, "a plaintiff must show that defendant deprived him of a right or privilege secured by the Constitution or laws of the United States while acting under color of state law." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 464 (3d Cir. 1989). Here, Plaintiff argues that he was deprived of his Eighth Amendment rights because Defendants were deliberately indifferent to his medical needs by refusing to authorize and perform cataract surgery.[4]

In the prison setting, an Eighth Amendment violation occurs when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Thus, the standard sets forth a two-part test: first, the prison officials must be deliberately indifferent, and second, the prisoner's medical needs must be serious. *West v. Kive*, 571 F.2d 158, 161 (3d Cir. 1978). A "medical need" is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

---

[4] Defendant Mayle does not raise the issue of whether he is a state actor. As the court aptly noted in *Leaphart v. Prison Health Services*, No. 3:10-cv-1019, 2010 WL 5391315, at *11 (M.D. Pa. Nov. 22, 2010) :

> [W]hile a few cases have held that a private physician treating an inmate outside of a jail is not a state actor; see, e.*g.,* *Sykes v. McPhillips*, 412 F. Supp.2d 197 (N.D.N.Y. 2006), *Nunez v. Horn*, 72 F. Supp.2d 24 (N.D.N.Y. 1999), the more broadly accepted view is that a private doctor who accepts a medical referral of an inmate's care from his jailers also accepts the state's constitutional responsibilities to provide adequate care to that inmate and is, therefore, a state actor with respect to medical issues relating to that prisoner. (citations omitted).

Therefore, for purposes of this case only, the Court finds that Defendant Mayle should be considered a state actor.

Deliberate indifference involves the "unnecessary and wanton infliction of pain" regarding a serious medical need. *Estelle*, 429 U.S. at 104. This is manifested by "an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Drumer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) or 'persistent conduct in the face of resultant pain and risk of permanent injury.'" *Boone v. Daughtery*, 2013 WL 5670876, at *7 (W.D. Pa. Oct. 15, 2013) (quoting *White v. Napolean*, 897 F.2d 103, 109 (3d Cir. 1990)). "[M]ere disagreement as to the proper medical treatment" does not "support a claim of an eighth amendment violation." *Monmouth Cnty. Corr. Inst. Inmates*, 834 F.2d at 346 (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir. 1976) (per curiam)). *See also Boomer v. Lewis*, --- F. App'x ---, ---, 2013 WL 4505455, at *4 (3d Cir. Aug. 26, 2013) (disputes as to medical treatment are not actionable as a constitutional violation). Moreover, where some form of medical treatment has been offered or obtained by an inmate, deliberate indifference is generally not found. *Clark v. Doe*, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) (citing *Wilkins v. Owens*, 1987 WL 11940 (E.D.Pa. May 29, 1987)). An inmate's attempt to dispute or second-guess the adequacy of medical treatment is generally disavowed by courts, because such determinations are a question of sound professional judgment. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Goodwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

Additionally, "[i]n order to charge a non-medical prison official with the Eighth Amendment *scienter* of deliberate indifference, a plaintiff 'bears the burden of proving . . . facts supporting the defendants' mental state.'" *Huskins v. Beard*, 2004 WL 2223307, *6 (E.D. Pa.

2004) (*citing Spruill*, 372 F.3d at 236; *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001)).

For purposes of this Opinion only, the Court will assume that Plaintiff's medical needs are "serious." This does not end the analysis, however, as the Court must now determine whether the summary judgment record supports Plaintiff's allegations that Defendants were deliberately indifferent to his medical needs.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact on the issue of deliberate indifference. As to the Commonwealth Defendants, the Court finds that the summary judgment evidence of record demonstrates that Plaintiff was receiving regular medical care for his condition, including being referred to and seen by an eye specialist. The medical evidence of record shows that Plaintiff was repeatedly given medical attention when requested and presently continues to receive care as requested. The Court finds that the record is completely void of any evidence that either the DOC and/or Warden Brian Coleman denied Plaintiff medical treatment. Additionally, the Court finds that there is no evidence presented by Plaintiff regarding the *scienter* requirement for deliberate indifference of non-medical personnel. *See Huskins*, 2004 WL 2223307. Plaintiff's allegations and grievances show nothing more than that he disagreed with the medical treatment he was receiving.

As to Dr. Mayle, the Court finds that the summary judgment evidence of record is equally void of any evidence which supports Plaintiff's claim that Dr. Mayle was deliberately indifferent to his serious medical needs. Although Plaintiff alleges that his need for eye surgery is "serious," no physician has diagnosed Plaintiff as requiring that treatment. In fact, Plaintiff's medical records show that his vision is 20/20 with glasses, and Dr. Mayle noted after his last

office visit with him that Plaintiff "states that vision seems better with glasses since having the tint . . . . denied any other pain or discomfort." [ECF No. 34 at ¶ 6]. Plaintiff's medical records, reflect that Dr. Mayle prescribed Plaintiff tinted glasses and medication for his eye problems.

The summary judgment evidence of record shows that Plaintiff has not been refused medical care by Dr. Mayle, but rather that Plaintiff disagrees with Dr. Mayle's decision to not perform cataract surgery. Plaintiff has presented no evidence that the cataract surgery is medically appropriate, and does not provide any evidence that Dr. Mayle's medical decision to deny plaintiff cataract surgery is inappropriate. Mere disagreement with a course of treatment does not support an Eighth Amendment claim.

The Court is sympathetic to Plaintiff's concerns and frustrations over the medical care and treatment he has been receiving for his eyes; however, although Plaintiff would prefer a different course of treatment, his dissatisfaction does not establish a cause of action. *Inmates of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." (citations omitted.) The Court finds that Dr. Mayle's determination that Plaintiff is not a candidate for surgery does not rise to the level of a constitutional violation.

In sum, the Court finds that the record is insufficient to establish a claim for deliberate indifference against Defendants and Plaintiff has specified no set of facts supported by evidence that demonstrates a genuine issue for trial.

## CONCLUSION

For the reasons stated *supra*, the Motion for Summary Judgment filed by the Commonwealth Defendants will be granted, as will the Motion for Summary Judgment filed by Defendant Mayle. An appropriate Order follows.

## ORDER OF COURT

**AND NOW**, this 17th day of January, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion for Summary Judgment filed by Defendants the Pennsylvania Department of Corrections and Brian Coleman is **GRANTED**;

2. The Motion for Summary Judgment filed by Defendant Mark D. Mayle is **GRANTED.**

It is further **ORDERED** that the Clerk of Court shall docket this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: Donald O. Overmiller
JY7318
SCI-Fayette
P.O. Box 9999
LaBelle, PA 15450-0999

Sandra A. Kozlowski
Pennsylvania Office of Attorney General
Email: skozlowski@attorneygeneral.gov

John W. Jordan , IV
Matis Baum O'Connor
Email: jjordan@mbo-pc.com